PER CURIAM.
 

 In this workers’ compensation appeal, Federal Express Corporation (Employer) and Sedgwick Claims Management Services, Inc. (collectively E/SA) challenge an order of the Judge of Compensation Claims (JCC) which finds cumulative trauma injuries to Claimant’s lower back and hip compensable, and awards benefits therefor. The E/SA raises seven issues on appeal challenging the JCC’s finding of compensability and the award of benefits; and Claimant raises one issue on cross-appeal pertaining to the calculation of her average weekly wage. Because we conclude that Claimant failed to introduce any medical evidence establishing occupational causation of the injuries for which she seeks compensation, we reverse on the first point raised by the E/SA, rendering moot the remaining points raised on appeal and cross-appeal.
 

 Background
 

 Claimant worked for the Employer for eighteen years as a courier, which work required her to lift and store hundreds of packages, on a daily basis. Claimant had numerous accidents, injuries, and medical conditions (both related and unrelated to work) for which she received treatment over the course of her employment; nevertheless, she remained employed. In February 2002, Claimant became disabled, and eventually received Social Security Disability benefits. In December 2005, Claimant filed a petition for benefits alleging a repetitive trauma injury to her lower back. The E/SA contested the claims on numerous grounds, but predominately on the basis that Claimant’s injuries were not caused by her employment.
 

 Claimant obtained an independent medical examination (IME) with Dr. Aparicio, who opined that Claimant had degenerative arthritis in her low back and right hip and, within a reasonable degree of medical certainty, her symptoms were mostly attributable to the hip condition. In his IME report, Dr. Aparicio failed to state his opinion as to the cause of Claimant’s injuries and, although he was deposed, Dr. Aparicio was not questioned regarding his opinion on occupational causation.
 

 The JCC found Claimant’s injuries to be a compensable aggravation of a preexisting condition pursuant to section 440.09(l)(b), Florida Statutes (2001), and awarded disability and medical benefits attributable thereto. In reaching this conclusion, the JCC noted that the medical opinions of only Dr. Aparicio and Dr. Brown (the E/SA’s IME), were admissible. In finding Claimant’s injuries compensable, the JCC rejected the medical opinions of the E/SA’s IME and accepted the opinions of Dr. Aparicio.
 

 Analysis
 

 In its first point on appeal, the E/SA argues the JCC erred in finding Claimant’s injuries compensable, because no evidence established that Dr. Aparicio formed or expressed an opinion on occupational causation. In her brief filed with this
 
 *169
 
 court, Claimant fails to point to any evidence which establishes that Dr. Aparicio reached or expressed an opinion regarding the cause of Claimant’s injuries. Although the record, which comprises three thousand pages, clearly establishes that Claimant is of the good-faith opinion that her injuries were the cumulative result of her work activities, no admissible medical opinion establishes the requisite causal relationship required by the Workers’ Compensation Law.
 

 Pursuant to section 440.09(1), Florida Statutes (2001), Claimant was required to prove the existence of her injuries and
 
 occupational causation
 
 of those injuries, within a reasonable degree of medical certainty.
 
 Id.
 
 This court has long held that proof of occupational causation for conditions which are not readily observable requires the introduction of medical testimony.
 
 See, e.g., Peters v. Armellini Exp. Lines,
 
 527 So.2d 266, 269 (“[L]ay testimony cannot be used to establish causal relationship within reasonable medical probability as to conditions and symptoms that are not readily observable.” (citations omitted));
 
 Arand Constr. Co. v. Dyer,
 
 592 So.2d 276, 281 (Fla. 1st DCA 1991). In this case, because the degenerative conditions in Claimant’s lower back and right hip were not readily observable, Claimant was required to introduce medical evidence of occupational causation, which she failed to do.
 

 Moreover, here the JCC concluded that Claimant’s compensable injuries combined with a preexisting condition to cause or prolong disability or the need for medical treatment. This conclusion is not challenged by way of cross-appeal. Thus, pursuant to section 440.09(1)(b), Florida Statutes (2001), Claimant was further required to prove that the workplace injuries were the major contributing (the most preponderant) cause of the disability or need for treatment. Although we agree with Claimant that “magic words” were not necessary to establish this causation threshold,
 
 see, e.g., Bradley v. Kraft Foods, Inc.,
 
 609 So.2d 748 (Fla. 1st DCA 1992) (noting medical testimony sometimes contains terminology used in a manner which does not encompass proper legal standard and evidence should not be turned into game of semantics), here,
 
 no
 
 admissible medical evidence was introduced to establish the cause of Claimant’s injuries. Accordingly, the order on appeal is REVERSED.
 

 VAN NORTWICK, LEWIS, and ROWE, JJ., concur.